# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NANNI,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br><br>CONCORD TOWERS, INC.,<br>a Delaware Corporation,<br><br>    Defendants. | Case No: |

## COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues CONCORD TOWERS, INC., a Delaware Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4. MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

1

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, CONCORD TOWERS, INC., (hereinafter referred to as "CONCORD" or "DEFENDANT") is a Delaware Corporation registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Holly Oaks Plaza, generally located at 2095-2099 Philadelphia Pike, Claymont, DE 19703 ("the Property").  The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has visited the Property several times during the past two years, regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or

denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992.  These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

    A.    Plaintiff encountered an inaccessible parking lot due to a shortage of parking dedicated exclusively for disabled use.  The parking lot provides over 75 total parking spaces which necessitates provision of at least four (4) ADA spaces.  However, only two (2) ADA parking spaces are provided in the lot, none of which are fully accessible.  This generally forces Plaintiff to park in standard spaces because the ADA spaces are in use, leading to inconvenience and increased risk of a fall due to lack of accessible features.

    B.    Plaintiff encountered that the two (2) ADA parking spaces provided in the lot were not accessible due to faded ADA markings on the ground, pavement in disrepair and excessive slopes within the spaces.  Additionally, the ADA space on the SW corner of the building is obstructed by a built-up curb ramp which protrudes into its access aisle. These conditions forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle to avoid the heightened risk of a fall on the excessive slopes and improperly marked surfaces.

    C.    Plaintiff encountered inaccessible curb ramps leading from the ADA parking spaces to the Property sidewalk due to excessive slopes, steep side flare slopes and pavement in disrepair. These conditions forced Mr. Nanni to utilize extra caution maneuvering from his parked vehicle to the property entrances and increased his risk of a fall on the steep uneven ramps.

    D. Plaintiff encountered/observed inaccessible routes throughout the Property from the public sidewalk/bus benches to the store entrances due to excessive slopes, pavement in disrepair and because the sidewalk has an unpaved gap with grass which would force Plaintiff to enter the Property from the highly trafficked street entrance if he arrived by bus.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property as a patron because of its convenient location and because he likes the stores located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.  However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendants.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: June 20, 2024

Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
10 Corporate Circle, Ste 301
New Castle, DE  19720
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail:  davy@jcdelaw.com

        -and-

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976